FILED

JUN 22 2009

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BILL STURCH, Sheriff of Bryan County, Oklahoma (in his official capacity)

Defendant.

Civil Action No. CIV 0 9 - 2 3 4 - F H S

## CONSENT DECREE

This action was brought by the United States against Bill Sturch, the Sheriff of Bryan County, Oklahoma, in his official capacity (the "Sheriff"), to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended ("Title VII").

In its Complaint, the United States alleged that the Sheriff has engaged in a pattern or practice of employment discrimination against females employed as Confinement Officers at the Bryan County Jail ("BCJ") on the basis of their sex and pregnancy, in violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6, by: (a) instituting and maintaining a policy of requiring that pregnant BCJ Confinement Officers, immediately upon notifying their supervisors of their pregnancy, be removed from their Confinement Officer positions and be placed on mandatory light duty; and (b) instituting and maintaining a policy requiring that all female BCJ Confinement Officers, in the event that they became pregnant, provide the Sheriff or other BCJ managerial personnel with written medical documentation of their ability to continue employment in their

capacity as BCJ Confinement Officers or face mandatory removal from their Confinement Officer positions and reassignment to light duty positions.

The Sheriff denies that he has discriminated against female Confinement Officers employed at the BCJ in violation of Title VII. Nevertheless, the United States and the Sheriff, desiring that this action be settled by an appropriate Consent Decree ("Decree"), and without the burdens and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. The United States and the Sheriff also hereby waive, for purposes of this Decree only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as a final and binding agreement between them with regard to the issues raised in the Complaint filed by the United States in this case.

This Decree, being entered into with the consent of the United States and the Sheriff, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the Sheriff or a finding of wrongdoing or violation of any applicable federal law or regulation.

In resolution of this action, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## **PARTIES**

1. The parties to this Decree are the United States and the Sheriff in his official capacity.

## PURPOSES OF DECREE

2. The purposes of this Decree are to ensure that:

a. The Sheriff does not subject any employee of, or applicant for employment with, the Bryan County Sheriff's Office ("BCSO") to employment discrimination based on sex and pregnancy in violation of Title VII; and

b. The Sheriff provides adequate training to all employees of the BCSO, including those at the BCJ, concerning: (i) Title VII's prohibitions against employment discrimination based on sex and pregnancy; (ii) the Sheriff's policies prohibiting employment discrimination based on sex and pregnancy; (iii) the Sheriff's policies and procedures for determining whether to place a pregnant employee on limited or light duty; and (iv) the procedures by which employees of the BCSO, including those at the BCJ, may submit complaints of employment discrimination based on sex and pregnancy.

## SCOPE OF DECREE

3. This Decree resolves all legal and equitable claims arising out of the United States' Complaint filed against the Sheriff in this action.

## GENERAL RELIEF

4. The Sheriff shall not engage in any act or practice that unlawfully discriminates against any employee of, or applicant for employment with, the BCSO, including the BCJ, on the basis of sex and pregnancy in violation of Title VII.

## POLICIES AND PROCEDURES

5.  Within thirty (30) calendar days from the date of entry of this Decree, the Sheriff shall provide to the United States a written proposed sex and pregnancy anti-discrimination policy applicable to all employees and prospective employees of the BCSO, including those at the BCJ. The proposed sex and pregnancy anti-discrimination policy shall be consistent with Title VII's prohibition against sex and pregnancy discrimination and, at a minimum, shall include the following:

   a.  A prohibition on discrimination on the basis of pregnancy, childbirth or related medical conditions in violation of Title VII;

   b.  A statement that pregnant employees shall be permitted to work as long as they are able to perform their jobs, that pregnant employees will not be singled out for special procedures to determine such employees' ability to work, and that if an employee is temporarily unable to perform her job duties due to pregnancy, she shall be treated the same as any other temporarily disabled employee (including for purposes of medical documentation, accrual and crediting of seniority, vacation calculation, pay increases and temporary disability benefits);

   c.  A statement that a pregnant employee voluntarily seeking leave and/or sick pay because of her pregnancy shall be treated the same as any other employee seeking leave and/or sick pay because of any other physical condition;

   d.  A statement that if an employee has been absent from work as a result of a pregnancy-related condition and then recovers, she shall not be required to remain on leave until the baby's birth;

4

e.  A statement that the BCSO, including the BCJ, does not have a predetermined length of time for which it prohibits an employee from returning to work after childbirth, but that the BCSO, including the BCJ, shall hold open a job for a pregnancy-related absence for the same length of time as jobs are held open for employees on sick or disability leave; and

f.  A description of the process for making an internal complaint regarding sex and pregnancy discrimination issues, including each step in the complaint process, the individual(s) to whom complaints are to be made (including contact information), the time periods for bringing, investigating and resolving the complaint, the manner in which the investigation and resolution process is to be conducted, and a statement that an employee may bypass the internal complaint procedure and file a timely complaint with the Equal Employment Opportunity Commission.

6. The United States shall have thirty (30) calendar days from the date of its receipt of the Sheriff's proposed sex and pregnancy anti-discrimination policy described in Paragraph 5, supra, to review the proposed policy and to notify the Sheriff, in writing, as to whether the United States agrees or disagrees with the Sheriff's proposed policy as submitted. If the United States disagrees with the proposed policy, or any part thereof, as submitted, the United States shall detail such disagreement(s) in its written notification to the Sheriff. If the United States does not approve the Sheriff's proposed policy and the parties are unable to resolve any disagreements they may have regarding the proposed policy, either party may submit such disagreement to the Court for resolution upon at least sixty (60) days notice to the other party.

7. Within thirty (30) calendar days from the date of the approval of the Sheriff's

5

proposed policy by the United States or resolution by the Court of any disagreement the parties may have as to the proposed policy in accordance with Paragraph 6, supra, the Sheriff shall distribute to all employees of the BCSO, including those at the BCJ, copies of the Sheriff's policy prohibiting sex and pregnancy discrimination. Each employee shall sign an acknowledgment that he or she received a copy of such policy. The signed acknowledgment shall be placed in the employee's personnel file. Also within this period, the Sheriff shall publicize such policy by, inter alia, posting it in all BCSO buildings, offices and facilities, including the BCJ, in areas used for posting equal employment opportunity information.

8. Within thirty (30) calendar days from the date of the distribution of the policy required by Paragraph 7, supra, the Sheriff shall provide the United States with written verification that the distribution of the policy has been completed in the matter prescribed by Paragraph 7, supra.

9. The Sheriff shall ensure that each new employee of the BCSO, including those at the BCJ, receives a copy of the written policy referenced in Paragraph 7, supra, within five (5) days of the new employee's first day as a BCSO employee. Each new employee of the BCSO shall sign an acknowledgment that he or she has received a copy of such policy. The signed acknowledgment shall be placed in the employee's personnel file.

## TRAINING

10. Within ninety (90) calendar days following the entry of this Decree, the Sheriff shall provide, at his own expense, mandatory training regarding Title VII's prohibitions against discrimination based on sex and pregnancy to all employees of the BCSO, including those at the BCJ. Such training shall be conducted live with an instructor(s) and shall include, at a minimum,

a discussion of Title VII's prohibition on employment discrimination based on sex and pregnancy, the Sheriff's written policy against sex and pregnancy discrimination, the policy and procedure for determining whether a pregnant employee should be placed on limited or light duty and the procedures by which BCSO employees may submit complaints of sex and pregnancy discrimination, including the name of the person(s) to whom complaints of discrimination may be submitted.

11. Within forty-five (45) calendar days prior to the commencement of the training prescribed in Paragraph 10, supra, the Sheriff shall select, subject to the approval of the United States, a qualified instructor or group of instructors to conduct this training. The United States shall also review for approval the Sheriff's proposed training program, including the training topics and materials to be used, prior to the training's first administration. If the Sheriff and the United States are unable to agree upon an instructor or training program, including the training topics or materials to be used, the parties shall submit the dispute to the Court, as provided for in Paragraph 16, infra, of this Decree. Nothing in this Paragraph shall negate the Sheriff's obligation to provide the training as set forth in Paragraph 10, supra.

12. Within thirty (30) calendar days following the completion of the training required by Paragraph 10, supra, the Sheriff shall provide to the United States written verification that the training has been completed and that all employees required by Paragraph 10, supra, to attend such training, did so. All persons who undergo training as required by Paragraph 10, supra, shall sign an acknowledgment of attendance at the training. The Sheriff shall retain the signed acknowledgments for the duration of this Decree.

## RECORDS RETENTION AND COMPLIANCE MONITORING

13. The Sheriff shall retain all records, including electronic mail, that come into his possession relating to formal or informal complaints or charges of employment discrimination based on sex and pregnancy made against the Sheriff or his employees, agents or representatives: that are (a) made through the Sheriff's internal complaint procedure; (b) made to a BCSO supervisor; (c) made with the United States Equal Employment Opportunity Commission; or (d) made through or with any other state or federal agency authorized to receive such complaints. The Sheriff shall provide copies of such complaints or charges to counsel for the United States within ten (10) days of his receipt of such complaints or charges. The United States will have the right to inspect and copy all documents related to such complaints or charges upon reasonable notice to the Sheriff.

14. For a two year period beginning on the entry date of this Decree, the Sheriff shall provide the United States copies of any modification to the sex and pregnancy anti-discrimination policy as described in Paragraph 5, supra.

## ADDITIONAL PROVISIONS

15. The United States has the right to review compliance with this Decree at any time, and has the right to inspect and copy any documents it deems necessary to monitor the Sheriff's compliance with this Decree, upon thirty (30) calendar days written notice to the Sheriff, without further order of this Court.

16. The parties shall attempt to resolve informally any dispute that may arise under

this Decree. If the parties are unable to resolve the dispute expeditiously, either party may move the Court for a resolution of the issue after providing the other party with thirty (30) calendar days written notice.

17. The parties shall bear their own costs in this action, including attorney's fees, incurred by them prior to entry of this Decree by the Court. However, the parties shall retain the right to seek costs for any matter which, in the future, may arise under this Decree and require resolution by the Court.

18. All documents required to be delivered under this Decree to the United States shall be sent by overnight mail to the attention of:

> Chief
> Employment Litigation Section
> U.S. Department of Justice
> Civil Rights Division
> 601 D Street, N.W., Room 4040
> Washington, D.C. 20004

19. All documents required to be delivered under this Decree to the Sheriff shall be sent to the attention of:

> Tim R. Webster
> Assistant District Attorney
> Office of District Attorney Emily Redman
> 117 North Third
> Durant, OK 74701

20. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree.

21. At the end of two (2) years from the date of entry of this Decree, this Decree shall be dissolved and this action shall be dismissed without further order of the Court.

IT is so **ORDERED**.

_____
United States District Judge

Dated:

AGREED AND CONSENTED TO:

*For Plaintiff United States of America*

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

By: _____
JOHN M. GADZICHOWSKI
(WI Bar No. 1014294)
Chief
Employment Litigation Section
Civil Rights Division

_____
KAREN D. WOODARD (MD Bar)
Deputy Chief

_____
ROBERT L. GALBREATH (DC Bar No. 460389)
Senior Trial Attorney
United States Department of Justice
Employment Litigation Section, PHB
Civil Rights Division
950 Constitution Avenue, NW
Washington, DC 20530
(202) 353-9731
(202) 514-1005 (fax)

*For Defendant Bill Sturch, Sheriff of Bryan County, Oklahoma*

By: _____
Bill Sturch
Sheriff of Bryan County, Oklahoma

_____
Tim R. Webster
Assistant District Attorney
Office of District Attorney Emily Redman
117 North Third
Durant, OK 74701

Attorney for Defendant

11